UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. REEDY,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 2:21-cv-00223 TLN CKD PS<br><br><br>ORDER |

    Plaintiff proceeds pro se in this action. This matter was referred to the undersigned by Local Rule 302(c)(21).

    Plaintiff has filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must dismiss the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

1

## I. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that existing statutes, regulations, policies and procedures for the implementation of the California Work Opportunity and Responsibility to Kids ("CalWORKs") program preclude single fathers from having equal access to public benefits intended for the support and care of dependent children. Plaintiff also alleges that the regulatory framework discriminates on the basis of gender.

Plaintiff is a disabled, unmarried father to one minor child born in 2018. Plaintiff's parentage was formally established in a court on August 2, 2018, and he obtained joint legal custody on October 18, 2018. Since May 22, 2019, plaintiff has joint and equal custody of the minor child.

The mother of plaintiff's child became eligible to apply for CalWORKs benefits at the fourth month of pregnancy to receive benefits during the fifth month. Plaintiff, in contrast, as an unmarried single father in a separate household in a separate county, remained ineligible after the child's birth and while he established paternity, while he went through the process of custody, and after he obtained joint and equal custody.

The mother of plaintiff's child sought to prevent or delay plaintiff in establishing parentage and custody, which resulted in initially impaired bonding between plaintiff and his child. When the court first granted joint legal custody, plaintiff had to comply with a "step-up parenting plan" under which he had to drive over 200 miles per week to spend weekdays with his child. During this time, the mother of plaintiff's child had primary physical custody of the child and received CalWORKs benefits. Plaintiff, in contrast, as a single male parent with less than 50/50 custody, remained ineligible despite his financial need and despite the extra financial costs he had to undertake in order to meet the requirements of the step-up parenting plan.

After plaintiff obtained joint and equal custody, he applied for CalWORKs benefits and was denied because the regulations do not allow two parents who are co-equal parenting in separate homes in separate counties to both receive aid. Under the regulatory scheme, an eligible child for CalWORKs benefits shall be living in the home of a "caretaker relative" which is the parent who applied first for aid. Plaintiff alleges the existing regulations contain no mechanism

for review or reconsideration of an open CalWORKs case after equal joint custody is granted by the court. There is no provision addressing the delay in eligibility for single fathers due to the requirement for custody to be established by the court.

Plaintiff remains ineligible for CalWORKs benefits even though he now has joint and equal custody, because the mother of his child applied first, successfully, and still receives those benefits. Plaintiff must meet the equal costs of support for his child without the benefit of the public assistance that the mother receives. Plaintiff alleges these regulations unconstitutionally discriminate on the basis of gender and have a disparate impact on disabled, male parents.

The complaint lists nine causes of action, as follows:

1. 28 U.S.C. § 1331;
2. 28 U.S.C. § 1343(3);
3. 42 U.S.C. § 1983 [construe as federal due process and equal protection?];
4. California Constitution, Art. I, § 7 [state law due process and equal protection];
5. Disparate Treatment [23 U.S.C. § 324]
6. Disparate Impact [23 U.S.C. § 324]
7. Unruh Civil Rights Act: California Civil Code § 51 et seq.
8. Title IX of the Educational Amendments of 1972 [Deprivation of Equal Educational Opportunities through Federally Funded Programs]; and
9. Americans with Disabilities Act ("ADA").

For relief, plaintiff seeks declaratory judgment, injunctive relief and damages. The complaint names as defendants the State of California, the California Department of Social Services and the Sacramento County Department of Human Assistance. The complaint additionally names four individual defendants in their official capacities for equitable relief and in their individual capacities for damages.

**II.   PLEADING STANDARDS**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of

3

what the plaintiff's claim is and the grounds upon which it rests." <u>Dura Pharms., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005) (internal citations omitted).

When considering whether a complaint states a claim upon which relief can be granted, the court accepts as true the complaint's factual allegations and construes the complaint in the light most favorable to the plaintiff. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In order to avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 662. A complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).

### III. THE COMLAINT FAILS TO STATE A CLAIM

#### A. FAILURE TO LINK DEFENDANTS

The complaint must be dismissed because it fails to give "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs[.]" <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178-80 (9th Cir. 1996). Throughout the causes of action, the complaint uses the label "defendants" without indicating which defendants are referred to by use of the term. The factual allegations also lack references to the specific named defendants. The lack of specificity as to which defendants are liable to plaintiff for which wrongs will need to be remedied. See <u>McHenry</u>, 84 F.3d at 1179-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); <u>Fagbohungbe v. Caltrans</u>, No. 13-cv-3801 WHO, 2014 U.S. Dist. LEXIS 22214, at *9, n.4 (N.D. Cal. Feb. 19, 2014) (finding "[t]he general allegation regarding 'defendants' is . . . insufficient on its face because it does not identify which specific defendants" were responsible for the alleged harms).

Plaintiff will be granted leave to amend the complaint to attempt to state one or more cognizable claims for relief. In order to state a valid claim, plaintiff must specify which defendants are liable for which wrongs. This could be done by listing the names of specific defendants underneath each cause of action. In addition, as to each named defendant for each cause of action, plaintiff must plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged violation. Iqbal, 556 U.S. at 678.

When dismissing a complaint with leave to amend, a court should briefly explain a pro se litigant's pleading deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). The court thus provides the following additional legal standards.

### B. JURISDICTION AND THE SECTION 1983 REMEDY (LABELED FIRST, SECOND AND THIRD CAUSES OF ACTION)

The complaint indicates plaintiff's first and second causes of action are brought under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), respectively. These are jurisdictional statutes which do not state independent causes of action. See Muhammad v. Berreth, No. C 12-02407 CRB, 2012 WL 4838427, at *3 (N.D. Cal. Oct. 10, 2012).

District courts possess federal-question jurisdiction under 28 U.S.C. § 1331 over a claim that "arises under" federal law, meaning that "federal law creates a private right of action and furnishes the substantive rules of decision." Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 378 (2012). In order to invoke federal jurisdiction under section 1331, a plaintiff's claim must be based on a federal law independent of that statute. Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 817 (1986); McGrady v. U.S. Postal Serv., 289 Fed. Appx. 904, 905-06 (6th Cir. 2004) ("section 1331 does not "create[ ] an independent right of action") (per curiam).

Similarly, 28 U.S.C. § 1343(3) establishes jurisdiction for civil rights violations but does not state an independent cause of action. See Chapman v. Houston Welfare Rights Organization, 441 U.S. 618, n.1 (1979) (holding that section 1343(3) provides jurisdiction over claims that state officials have violated a constitutional right or a federal statute providing for equal rights). Section 1343(3), together with 42 U.S.C. § 1983, authorizes federal courts to entertain suits to redress the deprivation, under color of state law, of such rights. Hagans v. Lavine, 415 U.S. 528,

5

538 (1974); see Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002) (noting that section 1983 provides a remedy where jurisdiction already exists under section 1343(3).

Two allegations are necessary to state a claim under 42 U.S.C. § 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).

### C. EQUAL PROTECTION (THIRD AND FOURTH CAUSES OF ACTION)

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated people be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Equal protection requirements restrict state legislative action that is inconsistent with bedrock constitutional guarantees, such as equality in treatment. See Obergefell v. Hodges, 576 U.S. 644, 673-74 (2015). An equal protection claim is established when a plaintiff shows he was treated differently than other similarly situated people on the basis of a suspect classification. City of Cleburne, 473 U.S. at 439-40. "The equal protection analysis under the California Constitution is 'substantially similar' to analysis under the federal Equal Protection Clause." Rui One Corp. v. City of Berkeley, 371 F.3d 1137, 1154 (9th Cir. 2004); Walgreen Co. v. City & County of San Francisco, 185 Cal.App.4th 424, 434 n. 7 (2010).

For screening purposes, plaintiff's complaint plausibly alleges that he has been deprived of the equal protection of the laws. Plaintiff's alleges by inference that plaintiff and the mother of his child were similarly situated or became similarly situated at some point with respect to their need and independent eligibility for CalWORKs benefits respective to their shared dependent child, yet were treated differently on the basis of gender.

If plaintiff amends the complaint to identify which defendants are liable for this alleged wrong and provides factual allegations that allow the court to draw the reasonable inference that the specific named defendants are liable for the misconduct alleged, then plaintiff may be able to state cognizable equal protection claims under 42 U.S.C. § 1983 and Art. I, § 7 of the California Constitution.

///

### D. DUE PROCESS (THIRD AND FOURTH CAUSES OF ACTION)

Plaintiff further alleges the challenged regulations violate his procedural and substantive due process rights. To state a procedural due process claim, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). The procedural due process protection in the California Constitution exists "to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner." D & M Fin. Corp. v. City of Long Beach, 136 Cal.App.4th 165, 175, 38 Cal.Rptr.3d 562 (2006) (citations omitted).

To state a substantive due process claim, a plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). The substantive due process clause "guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cnty., 42 F.3d 1257, 1261 (9th Cir.1994) (citation omitted). The substantive due process protection in the California Constitution "prevents government from enacting legislation that is 'arbitrary' or 'discriminatory' or lacks 'a reasonable relation to a proper legislative purpose.'" Kavanau v. Santa Monica Rent Control Bd., 16 Cal.4th 761, 771 (1997) (citation omitted); Cal. Const., Art. I, § 7.

The complaint does not allege plaintiff was deprived of a constitutionally protected life, liberty or property interest. Plaintiff further has not alleged he was deprived of constitutionally adequate procedural protections, or that any defendant's actions were arbitrary and capricious. Under these circumstances, the complaint fails to state a claim for a due process violation under federal or state law.

### E. 23 U.S.C. § 324 (FIFTH AND SIXTH CAUSES OF ACTION)

Plaintiff's fifth and sixth causes of action attempt to state claims under 23 U.S.C. § 324 for disparate treatment and disparate impact, respectively. Title 23 of the United States Code is a

comprehensive codification of all congressional enactments on the subject of highways. See United States v. 10.69 Acres of Land, More or Less, in Yakima Cty., 425 F.2d 317, 319 (9th Cir. 1970).

23 U.S.C. § 324 provides, in relevant part,

> No person shall on the ground of sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal assistance *under this title or carried on under this title*. This provision will be enforced through agency provisions and rules similar to those already established, with respect to racial and other discrimination, under title VI of the Civil Rights Act of 1964.

23 U.S.C. § 324 (emphasis added).

Section 324 specifically prohibits discrimination on the basis of sex "under any program or activity receiving Federal assistance under this title or carried on under this title." 23 U.S.C. § 324. Because plaintiff's allegations of discrimination do not involve a program or activity carried on under the "Highways" Code of Title 23, and plaintiff does not allege he was subjected to discrimination under any program or activity carried on under Title 23, plaintiff does not have a cognizable claim under 23 U.S.C. § 324.

### F. TITLE IX (EIGHTH CAUSE OF ACTION)

Title IX prohibits discrimination on the basis of sex by educational institutions receiving federal financial assistance. Other than specified exceptions, under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a) (2000).

As a preliminary requirement under the statute's plain language, the federally funded entity must operate an "education program or activity" See O'Connor v. Davis, 126 F.3d 112, 118 (2nd Cir. 1997), cert. denied, 522 U.S. 1114 (1998) (holding the 1988 amendments expanding the reach of Title IX to include all departments or branches of an educational institution or program that receives federal funding "did not purport to alter the preliminary requirement that the entity funded operate an 'education program.'"). The definition of a "program or activity" under Title

IX is broad. It encompasses the operations of a "department, agency, special purpose district, or other instrumentality of a State or of a local government;" a local educational agency; an "entire corporation, partnership, or other private organization, or an entire sole proprietorship;" and any other entity that is established by two or more of the foregoing entities. 20 U.S.C. § 1687.

Plaintiff alleges CalWORKs provides education programs through California's community colleges, which offer targeted programs for students receiving CalWORKs benefits. Plaintiff alleges the discriminatory implementation of the CalWORKs program results in single mothers receiving more educational resources than single fathers. To illustrate disparity between male and female parents participating in CalWORKs community college programs, plaintiff attaches the CalWORKs Status Summary Report for the 2020 academic year as Exhibit C to the complaint. Plaintiff further alleges the challenged educational policies discriminate by allowing an unmarried mother to include her child in her Free Application for Federal Student Aid ("FAFSA") application every year based on her CalWORKs household determination, while an unmarried father with equal and joint custody can only include his child in his household for the year(s) that he has a qualifying child base on IRS regulations.

For the purpose of screening, plaintiff's complaint adequately alleges the CalWORKs education benefits implemented through California's community colleges are an "education program or activity" within the meaning of Title IX. See Jeldness v. Pearce, 30 F.3d 1220, 1225-26 (9th Cir.1994) (holding the question of whether a prison work camp, farm, or prison industries are "educational" programs within the meaning of Title IX is a question of fact). Plaintiff further alleges the CALWORKs program receives federal funding. See also Barron v. Superior Ct., 173 Cal. App. 4th 293, 299 (2009) (noting that CalWORKs is funded in part by the federal block grant program known as TANF (Temporary Assistance for Needy Families) (citing 42 U.S.C. § 601 et seq.; Welf. & Inst.Code, §§ 10100–10101, 11200.5).

The complaint does not, however, contain sufficient factual allegations to show that any named defendant is plausibly liable for the alleged wrongs. In order to state a valid Title IX claim, plaintiff must identify the defendants liable for the alleged wrongs and link them to the harm

suffered by setting forth the specific actions or omissions of those defendants that plausibly show they are liable for the alleged violations.

### G. AMERICANS WITH DISABILITIES ACT AND UNRUH CIVIL RIGHTS ACT (SEVENTH AND NINTH CAUSES OF ACTION)

"To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132). If plaintiff states a valid claim for a violation of the ADA, those same facts will necessarily state a valid claim for a violation of the Unruh Act contained in Cal. Civ. Code § 51(f). See Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664 (2009).

Plaintiff is disabled and is a participant of Disability Services and Programs for Students ("DSPS") as well as a client of the California Department of Rehabilitation ("DOR"). Plaintiff alleges he was denied reasonable accommodation of access to CalWORKs benefits on the basis of disability. Plaintiff alleges CalWORKs regulations "ignored the legitimate need of plaintiff who was disabled when he applied for benefits and had equal custody and control over the child." (ECF No. 1 at 12.)

These allegations suggest a possibility that plaintiff was discriminated against by reason of his disability, but plaintiff has not identified the specific defendants liable to him for these claims or stated sufficient factual allegations linking those defendants to the harm suffered in order to state a claim to relief that is plausible on its face. Plaintiff will be granted leave to amend to attempt to state cognizable claims under the ADA and California Civil Code § 51(f).

### H. GUIDELINES FOR AN AMENDED COMPLAINT

The complaint must be dismissed because plaintiff has failed to state a valid claim for relief. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint" and shall contain a "short and plain statement" of the claim[s] showing that the

pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). In any amended complaint, plaintiff must allege with some degree of particularity the specific acts each defendant engaged in that support plaintiff's claim, see Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984), and must make clear which defendants are being sued for what conduct, and in which causes of action, see McHenry, 84 F.3d at 1178.

Plaintiff is informed that Local Rule 220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Reedy21cv223.screen