UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. REEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:21-cv-00223-TLN-CKD (PS)<br><br><br>ORDER |

Plaintiff proceeds pro se in this civil rights action which was referred to the undersigned by Local Rule 302(c)(21). Plaintiff's first amended complaint is before the court for screening. See 28 U.S.C. § 1915(e).

I. **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that existing statutes, regulations, policies and procedures for the implementation of the California Work Opportunity and Responsibility to Kids program ("CalWORKs") preclude single fathers from having equal access to public benefits intended for the support and care of dependent children. Plaintiff alleges that the regulatory framework discriminates on the basis of gender and has otherwise violated his rights.

The first amended complaint specifies five causes of action, as follows:

1. 28 U.S.C. § 1983: Fourteenth Amendment (Due Process)
2. 28 U.S.C. § 1983: Fourteenth Amendment (Equal Protection)

3. Title IX of the Educational Amendments of 1972 (Deprivation of Equal Educational Opportunities through Federally Funded Programs)
4. California Constitution, Art. I, § 7 (Equal Protection)
5. California Constitution, Art. I, § 7 (Due Process)

For relief, plaintiff seeks declaratory judgment, injunctive relief and damages. The first amended complaint names as defendants the following individuals: Gavin Newsom- Governor of the State of California, Dr. Mark Ghaly- Secretary of Health and Human Services, Kim Johnson- Director of California Department of Social Services, Ann Edwards- Former Director of the Department of Human Assistance, and Ethan Dye- Acting Director of the Department of Human Assistance.

## II. THE PARAGRAPHS IN THE AMENDED COMPLAINT MUST BE SEQUENTIALLY NUMBERED

The first amended complaint has corrected the main deficiency identified in the prior complaint by specifying which defendants are alleged to be liable in which causes of action. The first amended complaint does not, however, contain numbered paragraphs as did the original complaint. This omission will need to be corrected in order for the amended complaint to be screened and, if appropriate, served on any defendant.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal citations omitted). To further this purpose, Rule 10 of the Federal Rules of Civil Procedure requires that a party "state its claims ...in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A later pleading may refer by number to a paragraph in an earlier pleading." Id.

Sequential numbering of the paragraphs is necessary so that any responsive pleading filed can identify, by reference to the paragraph number or numbers, which content is being admitted or denied. Accordingly, in order to proceed, plaintiff will need to file a second amended

complaint in which the factual allegations are set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "Second Amended Complaint." In any amended complaint, plaintiff must allege with some degree of particularity the specific acts each defendant engaged in that support plaintiff's claim, see Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984), and must make clear which defendants are being sued for what conduct, and in which causes of action, see McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996).

Plaintiff is reminded that Local Rule 220 requires an amended complaint to be complete in itself without reference to any prior pleading. See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request to accept late filing (ECF No. 6) on account of illness is granted and the first amended complaint is deemed timely filed;

2. Plaintiff's first amended complaint (ECF No. 7) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 14, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.reedy21cv223.screen.fac

3