UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. REEDY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:21-cv-0223-TLN-CKD (PS)<br><br>ORDER DIRECTING SERVICE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS AGAINST DEFENDANT NEWSOM<br><br>(ECF No. 9) |

Plaintiff proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. section 1983. Plaintiff's second amended complaint is before the court for screening. See 28 U.S.C. § 1915(e)(2)(B). Liberally construing the complaint, the court cannot conclude for screening purposes that the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant except as to defendant Gavin Newsom, Governor of the State of California, sued in his individual and official capacities.

As to the individual capacity claims against Governor Newsom, plaintiff fails to allege an affirmative link between Newsom's conduct and the alleged deprivations. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). A state official may have individual liability for depriving a plaintiff of a constitutional right if the state official is personally involved in doing an affirmative act, participating in another's affirmative act, or omitting to perform an act which that person is legally required to do. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has failed to

allege any facts plausibly supporting a claim that Governor Newsom had any personal involvement in the denial of benefits to plaintiff.

Pertaining to the official capacity claims, the Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. Hans v. Louisiana, 134 U.S. 1, 15 (1890); Sofamor Danek Group, Inc. v. Brown, 124 F.3d 1179, 1183 (9th Cir. 1997). This immunity extends to state officers who act on behalf of the state. Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-46 (1993); see also Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars § 1983 damages claims against state officials in their official capacity).

The Eleventh Amendment does not bar suit in federal court for prospective injunctive relief against a state officer accused of violating federal statutory or constitutional law. See Ex parte Young, 209 U.S. 123, 159-60 (1908). The Ex parte Young exception does not apply here because Governor Newsom is not alleged to have any connection to the enforcement of the allegedly unconstitutional laws. See Id. at 159-60; Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012). Such a connection to overcome Eleventh Amendment immunity "must be fairly direct[.]" Coalition to Defend Affirmative Action, 674 F.3d at 1134 (quoting Los Angeles Cty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992)). "[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Id.

For the foregoing reasons, plaintiff fails to state a cognizable claim against Governor Newsom in his official or individual capacity. Otherwise, the court orders service of the complaint on the defendants as set forth. This order directing service does not preclude any defendant from challenging plaintiff's complaint through a timely motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, or any other appropriate method.

In accordance with the above, IT IS HEREBY ORDERED:

1. Service of the complaint is appropriate for the following named defendants:

    a. Dr. Mark Ghaly, Secretary, Health and Human Services Agency;

    b. Kim Johnson, Director of the California Department of Social Services;

      c. Ann Edwards, Previous Director of the Sacramento County Department of Human Assistance;

      d. Ethan Dye, Acting Director of the Sacramento County Department of Human Assistance; and

      e. Eloy Ortiz Oakley, Chancellor and CEO of the Board of Governors of California Community Colleges.

2. The Clerk of Court shall issue all process pursuant to Federal Rule of Civil Procedure 4. The Clerk shall send to plaintiff (i) one copy of this order, (ii) one summons and one USM-285 form (with related documents) for each defendant; (iii) one copy of the Consent/Decline form for each named party; and (iv) a copy of the court's order setting status conference;

3. Within 30 days from the date of this order, plaintiff shall supply the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) all information needed to effectuate service of process. To do so, the U.S. Marshal will require:

      a. <u>For *each* defendant to be served</u>: (i) a copy of this order, (ii) a completed summons and completed USM-285 form, (iii) a Consent/Decline form, and (iv) a copy of the complaint and court's order setting status conference;

      b. <u>For the U.S. Marshal</u>: an extra copy of the complaint;

4. Within 10 days of submitting the documents to the U.S. Marshal, plaintiff shall file a statement with the court indicating the Marshal has the documents;

5. The U.S. Marshal shall serve process—including copies of this court's scheduling order and Consent/Decline forms for each defendant—within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

6. If defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve defendant of this requirement, and the failure to return the signed waiver may subject defendant to an order to pay the costs of service by the U.S. Marshal;

////

7. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

In addition, IT IS RECOMMENDED that:

1. Plaintiff's claims against Governor Gavin Newsom in his individual and official capacity be dismissed.

The findings contained herein and the recommendation to dismiss plaintiff's claims against defendant Newsom are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Reedy.21cv223.serve2AC