UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. REEDY, | No. 2:21-cv-0223-TLN-CKD PS |
| Plaintiff, | ORDER |
| v. | (ECF No. 29) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff requests the court to appoint counsel for his civil case.[1] (ECF No. 29.) It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Under "exceptional circumstances," however, a court may appoint counsel for an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers both the likelihood of success on the merits as well as the ability of the pro se litigant to articulate the claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In this case, plaintiff states the factual allegations in his second amended complaint are comprised of his own experiences and grievances, but that he received assistance from others in

---

[1] This motion is referred to the undersigned under 28 U.S.C. § 636 and Local Rule 302(c)(21).

1

drafting the complaints and other papers filed in this case. Currently, a hearing on defendants' motions to dismiss (ECF Nos. 16, 17) is scheduled to take place on January 12, 2022. Plaintiff indicates that he did not know an oral argument would be scheduled on the pending motions. Plaintiff states he has cognitive limitations that will frustrate his attempts to make or respond to oral arguments without assistance. Plaintiff therefore requests the appointment of counsel either to assist him in prosecuting this case, or for the limited purpose of assisting him at this and any other hearings that may take place.

Plaintiff's claims are not unusually complex and can be reasonably prosecuted by a pro se plaintiff. Although plaintiff states he will have difficulty making and/or responding to oral arguments against both the Deputy Attorney General and the County defendants' private counsel, plaintiff is advised he will not be penalized for standing on his written arguments to oppose the pending motions.

The court is sympathetic to the difficulties faced by pro se litigants in litigating their own cases in federal court. However, the court has extremely limited resources to appoint attorneys in civil cases and does not find that exceptional circumstances warrant the appointment of counsel in this case at this time.

Accordingly, for the reasons set forth, IT IS ORDERED that plaintiff's motion for appointment of counsel (ECF No. 29) is DENIED.

Dated: January 3, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Reedy21cv0223.36